IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-187 |
| | ) | |
| THE GEORGIA DEPARTMENT OF | ) | |
| HUMAN SERVICES; GOVERNOR BRIAN | ) | |
| KEMP; MARTY KEMP; CANDICE L. | ) | |
| BROCE; JASON BROCE; RINDI | ) | |
| HARBESON DASHER; WILL DASHER; | ) | |
| BARBRA RICHERDSON BURNS; WILLIE | ) | |
| BURNS; PAM FLORENCE; WALTON | ) | |
| "CHIP" HARDIN; BRIAN BAILEY; TINA | ) | |
| BAILEY; WILLIAM "BILL" DOUPE; and | ) | |
| KIT DOUPE, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.      Screening the Complaint**

   **A.      Background**

Plaintiff names the following Defendants: (1) the Georgia Department of Human Services, (2) Governor Brian Kemp, (3) Marty Kemp, (4) Candice L. Broce, (5) Jason Broce,

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the above caption by adding Defendant Georgia Department of Human Services, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 1.)

(6) Rindi Harbeson Dasher, (7) Will Dasher, (8) Barbra Richerdson Burns, (9) Willie Burns, (10) Pam Florence, (11) Walton "Chip" Hardin (12) Brian Bailey, (13) Tina Bailey, (14) William "Bill" Doupe, and (15) Kit Doupe.  (Doc. no. 1, pp. 1-4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Around October,[2] Plaintiff received notice to appear at a hearing before Judge Thomas "Britt" Hammond regarding child support payments.  (Id. at 7.)  At the hearing, Plaintiff tried to establish that he was a disabled veteran who was already paying child support through his "Veterans Affairs Compensation."  (Id.)  However, "the agent(s)" insisted, without proof, that Plaintiff had a second job.  (Id.)  At the hearing, the owner of the business where Plaintiff allegedly had a second job stated, "he would bring [Plaintiff] in from time to time to [do] light work around his shop."  (Id.)  At the conclusion of the hearing, "the administration" could not reach a final decision about whether Plaintiff was employed.  (Id.)  Accordingly, Judge Hammond stated a follow-up hearing would be scheduled in thirty days.  (Id.)

However, Plaintiff did not receive notice about the rescheduled hearing until May[3] after Defendant Barbra Burns called him.  (Id.)  In this phone call, Defendant Barbra Burns informed Plaintiff he lost by "default" for not appearing at the follow-up hearing, but Plaintiff told her he never received notice to appear.  (Id.)  As a result of his failure to appear at this hearing, Plaintiff has a hearing scheduled before Defendant Judge Walton "Chip" Hardin, at which he faces the possibility of incarceration for his non-payment of child support.  (Id.)

---

[2] Plaintiff does not supply the year the events allegedly occurred in his complaint.  (See generally doc. no. 1.)  However, based on the exhibits attached to his complaint, which describe a December 2024 order to pay child support, it appears likely he is referring to October 2024.

[3] Plaintiff again failed to provide the year, but the attached exhibits suggest he means May 2025. (See generally doc. no. 1.)

2

However, he does not have to pay child support because he is already paying it through his Veterans Affairs Compensation. (Id.)

Plaintiff also attached several exhibits related to the child support proceedings to his complaint. (Id. at 10-21.) These exhibits reveal Plaintiff must appear at the Wilkes County courthouse on September 10, 2025, for a contempt hearing for his alleged "failure to perform certain duties imposed by the previous orders of [the Wilkes County Superior] Court." (Id. at 12.) Plaintiff also appended the Wilkes County "Complaint for Contempt," which alleges the state court ordered Plaintiff to pay child support on December 3, 2024, but he has not paid and is in arrears in the sum of $5,664 as of June 30, 2025. (Id. at 14; see also id. at 16-18 (ordering Plaintiff pay child support in a December 3, 2024 Order for Paternity and Child Support).)

Plaintiff brings claims under 42 U.S.C. § 1983 and alleges his rights under the Fourth, Fifth, and Fourteenth Amendments, as well as his "no trial by jury" rights, have been violated. (Id. at 4.) For relief, Plaintiff seeks one million dollars "per violation" of his rights. (Id. at 8.)

**B.   Discussion**

    **1.   Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     The Court Should Abstain Under the Younger Doctrine

Plaintiff alleges constitutional violations stemming from ongoing child support and related contempt proceedings in Wilkes County for his purported failure to pay child support.  (See generally doc. no. 1.)  Decisions concerning Plaintiff's child support obligations and whether to hold Plaintiff in contempt belong to state authorities, and the question of whether a federal court

4

should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."[4] 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

First, the state proceedings are ongoing and implicate important state interests because "[t]he ability to collect child support payments is an important state interest." Adams v. State of Fla., 185 F. App'x 816, 817 (11th Cir. 2006) (*per curiam*). Moreover, Plaintiff has not established that the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279.

Indeed, the Eleventh Circuit and districts courts in this circuit have routinely applied Younger when deciding to abstain from hearing § 1983 lawsuits regarding pending state child support proceedings. See, e.g., Pompey v. Broward Cnty., 95 F.3d 1543, 1546-51 (11th Cir. 1996) (finding abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings); Davis v. Self, 547 F. App'x 927, 930-31 (11th Cir. 2013) (*per curiam*) (affirming district court's application of Younger to § 1983 claims about child support proceedings); Jackson v. Child Support, No. 8:18-CV-2848-T-36SPF, 2018 WL 8754206, at *2 (M.D. Fla. Dec. 5, 2018) (reasoning plaintiff's § 1983 claims related to ongoing state proceedings for his failure to pay child support were barred by Younger abstention), *adopted by* 2019 WL 2052324 (M.D. Fla. May 9, 2019).

---

[4] While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

In sum, Plaintiff's state proceedings are ongoing, implicate an important state interest, and will provide an adequate opportunity to raise constitutional challenges. Thus, this Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

To the extent Plaintiff 's complaint can be construed as challenging the December 3, 2024 state court order requiring him to pay child support, such claims are barred under the Rooker-Feldman doctrine. Under the Rooker–Feldman doctrine, "lower federal courts are barred from acting 'as appellate courts and [are] preclude[d] ... from reviewing final state court decisions.'" Schmitt v. Reimer, No. CV 110-102, 2011 WL 13216939, at *3 (S.D. Ga. Aug. 17, 2011) (quoting Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009)). "Succinctly put, 'federal courts are not a forum for appealing state court decisions.'" Jackson, 2018 WL 8754206, at *2. Thus, even if Plaintiff brings § 1983 claims about the order to pay child support, they should be dismissed pursuant to the Rooker-Feldman doctrine. See, e.g., Burns v. Branham, No. CV408-205, 2009 WL 113454, at *1 (S.D. Ga. Jan. 16, 2009) (adopting Report and Recommendation that concluded plaintiff's claims about state court child support order were barred under the Rooker-Feldman doctrine).

### 3. Even if Younger Abstention Is Not Warranted, Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Against Defendants

Even if the Court does not abstain under Younger, this case should be dismissed because Plaintiff fails to state a claim for relief for the reasons described below.

### a. Failure to Provide Particularized Factual Detail

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Georgia Department of Human Services, Governor Brian Kemp, Marty Kemp, Candice L. Broce, Jason Broce, Rindi Harbeson Dasher, Will Dasher, Willie Burns, Pam Florence, Brian Bailey, Tina Bailey, William "Bill" Doupe, and Kit Doupe in the caption of his complaint, he does not specifically mention them, or provide any factual detail about any specific alleged acts of omissions, anywhere in the statement of his claim which would associate a particular Defendant with any purported constitutional or statutory violations. (See generally doc. no. 1, pp. 5-8.)

Furthermore, although Plaintiff cursorily mentions Defendant Barbra Burns and Walton Hardin in his statement of claim, he fails to state a claim against these Defendants because he does not connect their conduct to a legal wrong. (Id. at 7.) Regarding Defendant Barbra Burns, Plaintiff merely alleges she called him to inform him that he was in "default" for failing to appear at a hearing. (Id.) Plaintiff does not elaborate how this phone call rose to the level of a constitutional or statutory violation, and thus he fails to connect this Defendant with any acts or omissions regarding his claims. Regarding Defendant Hardin, Plaintiff simply alleges he has a hearing about his non-payment of child support scheduled before this judge. (Id.) He does not allege any act or omission on the part of Defendant Hardin, and accordingly, he also fails to state a claim against this Defendant. (See generally id.)

7

Finally, to the extent any of the named Defendants are referenced in the exhibits attached to Plaintiff's complaint, Plaintiff still fails to state a claim against them because these exhibits do not cure his failure to provide specific factual detail about their conduct as described above. Therefore, Plaintiff fails to state a claim against any of the Defendants because the complaint does not contain allegations particularly associating them with the alleged legal wrongs. See Douglas, 535 F.3d at 1321-22.

    b.  **Dismissal of All Official Capacity Monetary Claims**

Moreover, Plaintiff is suing Defendants Brian Kemp, Marty Kemp, Candice L. Broce, Jason Broce, Brian Bailey, Tina Bailey, William "Bill" Doupe, and Kit Doupe in only their official capacities.[5] (Doc. no. 1, pp. 2-4.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against these Defendants for monetary relief fail as a matter of law.

    c.  **Defendant Georgia Department of Human Services Not Subject to Suit**

Additionally, Plaintiff's claims against Defendant Georgia Department of Human Services also fail because it is not subject to liability in a § 1983 suit. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board

---

[5] Plaintiff does not specify whether he sues the remaining Defendants in their official and/or individual capacities. (See doc. no. 1, pp. 1-4.)

of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDOC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."); Fitzgerald v. Child Support Receiver, No. 5:21-CV-00071, 2021 WL 5413662, at *2 (M.D. Ga. Mar. 16, 2021) (dismissing plaintiff's § 1983 claims against Georgia Department of Human Services on basis of Eleventh Amendment immunity)

Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant Georgia Department of Human Service is an agency of the state, it should be dismissed from this case.

### d.   Judicial Immunity

Furthermore, even if Plaintiff had provided factual details concerning Defendant Judge Hardin, Plaintiff's request for monetary damages from him is barred by judicial immunity.[6]  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").  Thus, the Court must determine whether Judge Hardin, as the presider over a contempt hearing related to Plaintiff's non-payment of child support, was dealing with

---

[6] Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*), Plaintiff makes clear he is suing only for monetary damages.

Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Hardin acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff only alleges he has proceedings related to his non-payment of child support before Judge Hardin and provides no details to suggest actions of the type not normally performed by judges. (Doc. no. 1, p. 7.) Thus, Plaintiff fails to state a valid claim for relief for against Judge Hardin.

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of September, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA